IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES SIMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>CONAGRA FOODS RETIREMENT INCOME SAVINGS PLANS and CONAGRA FOODS EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLANTIFF'S ORIGINAL COMPLAINT

James Simpson ("Plaintiff"), by his attorneys, files this Original Complaint against ConAgra Foods Retirement Income Savings Plan (the "Plan", the "CRISP Plan", or "CRISP") and the ConAgra Foods Employee Benefits Committee (the "Committee") (collectively the "Defendants") and upon information and belief shows the Court the following:

### I.
### PARTIES

1. Plaintiff is a participant in the Plan. Plaintiff is an individual who resides in Dallas County, Texas.

2. The Plan is a defined contribution pension plan covering certain employees of ConAgra Foods, Inc. The Plan is an employee pension benefit plan as defined in Section 3(2) of the Employee Retirement Income Security Act of 1974, as amended, codified primarily at 29 U.S.C. §1001 *et. seq.* ("ERISA"), 29 U.S.C. §1002(2).

3. The Plan Administrator of CRISP is the Committee located at One ConAgra Drive, Omaha, Nebraska 68102-5001. As Plan Administrator, the Committee is a fiduciary with respect to the Plan.

## II.
### JURISDICTION AND VENUE

4. This case arises under and is governed by ERISA and the federal common law developed thereunder.

5. Subject matter jurisdiction is founded upon 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

6. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b) and (c) and 29 U.S.C. §1132(e)(2) in that the violation of ERISA and the applicable federal common law occurred in this district.

7. The agent for service of legal process on the Plan is ConAgra Foods, Inc. Employee Benefits Administration Committee, care of Mr. Leo Knowles, Esq., One ConAgra Drive, Omaha, Nebraska, 68102-5001.

8. A copy of this Original Complaint is being served on the Secretary of Labor and the Secretary of Treasury, each by certified mail, as required by 29 U.S.C. §1132(h).

## III.
### FACTUAL BACKGROUND

9. CRISP is a defined contribution plan as defined in ERISA §3(34), 29 U.S.C. §1002(34). CRISP permits participants to direct their investments in the Plan in one percent (1%) increments.

10. Direction of investments in the Plan may be made by calling the EasyAccess Service Center at a toll-free number or by accessing a website.

11. At the opening of business on October 2, 2009, Mr. Simpson's entire account balance in the Plan was invested in the Shorter-term Fixed Income Fund.

12. The Shorter-term Fixed Income Fund is invested in fixed income securities that meet the credit quality standards of CRISP and Fidelity Investments and mature within six years. [Note Summary Plan Description p. 18]

13. On October 2, 2009, Mr. Simpson contacted the EasyAccess Service Center at approximately 3:52p.m. to request that sixty percent (60%) of his total account balance be moved to the Large-Cap Growth Stock Fund.

14. The Large-Cap Growth Stock Fund is managed by T. Rowe Price and seeks long-term growth of capital and increased future income through investments in common stock with potential to achieve above average earnings and dividend growth. Investments in the Large-Cap Growth Stock Fund include common stocks of large size (Large-Cap), well-established companies.

15. A transcript, labeled "Jim Simpson's 401(K) Call," of Mr. Simpson's telephone call (the "401(K) Call") to EasyAccess Service Center is attached hereto as **Exhibit "A."**

16. In the 401(K) Call, Simpson requested a transfer of 60% of his account (which was then 100% invested in the Shorter-term Fixed Income Fund) "into those large cap growth stock funds."

    a. The Plan representative on the 401(K) Call reflected the request as "move shortage to 60% and do it to the longer term fix at a 100%." Neither "shortage" nor "longer term fix" appear in the Summary Plan Description (the "SPD") for the CRISP Plan.

    b. "Longer term fix" bears no resemblance to "Large-Cap Growth Stock Fund."

17. The EasyAcess representative transferred the 60% into the Longer-term Fixed Income Fund.

18. After the transfer of October 2, 2009, the Large-Cap Growth Stock Fund had positive growth, outpacing the Longer-term Fixed Income Fund. Simpson's account did not increase in value as it would have had Simpson's directions been followed.

19. By letter dated January 7, 2010, a photocopy of which is attached as **Exhibit "B,"** Simpson filled a claim for the lost value.

20. By letter dated March 19, 2010 (the "Denial Letter"), a photocopy of which is attached as **Exhibit "C,"** Diane M. Stewart, Counsel, reported that the Committee had denied Simpson's claim.

21. The Denial Letter state that the 401(K) Call was made "at 3:52p.m., very late in the trading day."

22. The SPD for the CRISP Plan contains no limitation on when in the trading day investment requests must be made.

23. Simpson appealed the claim denial. The denial was upheld.

24. Simpson has exhausted his administrative remedies.

25. A plan administrator under ERISA has the duty to act in the best interests of the plan participants and beneficiaries. See 29 U.S.C. §1104(a)(1)(A)(i).

26. A fiduciary who breaches any duty under ERISA shall be personally liable for losses. See ERISA §409(a)(i)2q U.S.C. §1109(a).

27. Section 502(a)(2) of ERISA, 29 U.S.C. §1132(a)(2), permits a participant to bring a suit for appropriate relief under section 409.

28. The Supreme Court of the United States has permitted a participant in a defined contribution plant to sue the plan administrator for failure to follow investment directions. See *LaRue v. DeWolff, Boberg & Assoc., Inc.,* 128 S.Ct.1024 (2008).

## IV.
### COUNT ONE: BREACH OF FIDUCIARY DUTY

29.  The actions of the Committee has breached the fiduciary duties of Simpson in that the Plan failed to invest Simpson's account in the Plan as instructed.

## V.
### COUNT TWO: ATTORNEY FEES

30.  ERISA permits a participant to receive his reasonable attorney fees. See ERISA §502(g)(1); 29 U.SC. §1132(g)(1).

31.  Simpson found it necessary to employ counsel to enforce his rights.

32.  Simpson in entitled to reasonable attorney fees.

## VI.
### PRAYER

Simpson requests this Court to:

    a.    Find that the Plan through the Plan Administrator breached its fiduciary duties to Simpson;

    b.    Direct the Plan to pay Simpson his loses from the fiduciary breach;

    c.    Direct the Plan to pay prejudgment and post-judgment interest;

    d.    Require the Plan to pay Simpson his attorney fees; and

    e.    Require the Plan to pay all costs of this action.

Respectfully submitted,

HOW FRELS BERMAN ROHDE WOODS &
DUKE, P.C.

By: /s/ Michael E. Rohde
MICHAEL E. ROHDE
State Bar No. 17204000
2027 Young Street
Dallas, Texas 75201
(214) 720-2220 Telephone
(214) 720-2240 Facsimile

JAMES M. KLANCNIK, P.C.

By: /s/ James M. Klancnik w/permission.
JAMES M. KLANCNIK
State Bar No. 11550500
5956 Sherry Lane, Suite 1000
Dallas, Texas 75225-8021
(214) 739-2004 Telephone

ATTORNEYS FOR PLAINTIFF